925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce JUSTICE, Plaintiff-Appellant,
v.
Robert BROWN, Defendant-Appellee.
 No. 90-1239.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1991.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and MILES, Senior District Judge.*
 ORDER
 Bruce Justice, a pro se Michigan prisoner, moves for counsel and miscellaneous relief on appeal from the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the plaintiff's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Naming the director of the Michigan Department of Corrections as the sole defendant, Justice alleged that while he was housed at the Jackson State Prison, the Huron Valley Men's Facility and the Marquette Branch Prison, defendant violated his eighth amendment rights against cruel and unusual punishment by failing to respond to his request to be protected from other inmates who were his "enemies." Specifically, he claimed that he was seriously assaulted by inmates on four occasions as a result of defendant's failure to act. Justice sought monetary and injunctive relief.
 
 
 1
 Defendant filed a motion for summary judgment and Justice responded with his own motion for summary judgment, or in the alternative, motion for a jury trial. A magistrate recommended that defendant's motion be granted. The magistrate concluded that Justice could not demonstrate that a reasonable jury could find for him on the issues of personal involvement or deliberate indifference. Despite Justice's timely objections, the district court adopted the magistrate's report and recommendation and entered judgment in favor of defendant. This appeal followed.
 
 
 2
 Upon consideration, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendant was entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Liability on Justice's eighth amendment claim cannot be established absent a clear showing that the defendant was personally involved in the activity forming the basis of the alleged unconstitutional behavior. See Rizzo v. Goode, 423 U.S. 362, 371 (1976). Further, liability cannot be established absent a clear showing that defendant was deliberately indifferent to Justice's safety. See McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988).
 
 
 3
 Here, there is simply no indication that defendant Brown was personally involved in the violation of Justice's constitutional rights, and that defendant's action or failure to act amounted to deliberate indifference to the violation of such rights. To the contrary, the only two relevant exhibits show that defendant was individually contacted regarding Justice's complaints, and neither one demonstrates that Justice put defendant on notice as to the specific nature of the threats from specific individuals. Moreover, the exhibits make it clear that when informed of Justice's complaints, defendant ordered an investigation. This can hardly be said to constitute deliberate or callous indifference caused either by actual intent or recklessness. Thus, summary judgment was proper in light of the inadequate evidence to support a claim of personal involvement or deliberate indifference by defendant.
 
 
 4
 In addition, we also conclude that summary judgment is appropriate insofar as Justice sought damages against defendant. Where the face of the complaint does not indicate that a suit is against an officer in his individual capacity, the suit is deemed to be against the officer in his official capacity. See Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). State officers acting in their official capacities are not persons under section 1983 and cannot be sued for damages under that statute. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 5
 Accordingly, the motions for counsel and for miscellaneous relief are denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation